IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE |
| | ) | |
| MICHAEL ANTHONY DAVIS, II, | ) | NO.: 25-58818-JWC |
| | ) | |
| Debtor. | ) | CHAPTER 13 |
| | ) | |

OBJECTION TO CONFIRMATION

COMES NOW New American Funding, LLC (herein, "Creditor"), a secured creditor holding a Security Deed against the real property located at and more commonly known as 408 Edmond Court, Suwanee, GA 30024 (the "Property"), and for the reasons stated below, objects to confirmation of Debtor's Chapter 13 plan (Doc. No. 2) (the "Plan").

1.

The significantly understates the prepetition arrearage amount owed to Creditor as $13,000.00. Creditor has not yet filed a proof of claim but will do so prior to the expiration of the claims deadline. According to preliminary figures, the arrearage is $19,284.54.

2.

The Plan proposes to pay a mere $100.00 per month upon confirmation toward Creditor's arrearage claim, increasing to $270.00 per month in May, 2026. This provision does not comply with the requirement of 11 U.S.C. § 1325(a)(5)(B)(iii)(I) for equal monthly payments. Creditor asks that the Debtor begin paying larger payments upon confirmation and over the duration of the Plan. See, e.g., *In re Soppick*, 516 B.R. 733 (Bankr. E.D. Pa. 2014)("Where a chapter 13 debtor has proposed a plan which is fundamentally unfair or inequitable to creditors, such a proposal has been denied confirmation on the basis of a lack of good faith in the proposal."). Furthermore, the Plan violates the requirement that payments to Creditor be in equal monthly

payments. *Id.*, at 754 ("not only can a plan provision calling for funding via a lump sum or balloon payment run afoul of section 1325(a)(5)(B)(iii)(I), so can a plan provision calling for increased monthly plan payments over time"). See also *In re Denton*, 370 B.R. 441 (Bankr. S.D. Ga. 2007)(Dalis, J.)("Phrase "periodic payments," as used in provision added to the Code by the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA) to require, as prerequisite to confirmation, that proposed Chapter 13 plan must provide periodic payments on allowed secured claims in equal monthly amounts, refers without distinction to all regularly-recurring postconfirmation payments on allowed secured claims, and does not permit Chapter 13 debtors, in order to create source of funding for their counsel fees, to provide two sets of postconfirmation payments to secured creditors in different amounts, consisting, initially, of continuation of preconfirmation adequate protection payments and, only when counsel has been paid, a second set of postconfirmation payments in different amount on amortized debt; all periodic postconfirmation payments to secured creditor must be in equal monthly amounts and commence with trustee's first disbursement following confirmation."); *In re Williams*, 385 B.R. 468, 474 (Bankr. S.D. Ga. 2008)(Barrett, J.)(following *Denton*); *In re Spark*, 509 B.R. 728, 729-30 (Bankr. M.D. Fla. 2014); *In re Kirk*, 465 B.R. 300, 303 (Bankr. N.D. Ala. 2012)(Robinson, J.)(Proposed Chapter 13 plan in which debtors had sought to postpone any payments, other than adequate protection payments in substantially lesser amount, on secured motor vehicle debt that they incurred just five months prepetition, until their attorney's administrative expense claim for fees was paid in full, was not proposed in "good faith," as required for confirmation)); *In re Randell*, 638 B.R. 104, 110-11 (Bankr. E.D. Wis. 2022)(when a secured creditor objects to the plan based on its failure to pay mortgage arrears in equal monthly payments, 11 U.S.C.S. § 1325(a)(5)(B) requires the debtor to amend his or her plan.).

3.

At least one other court has prohibited a law firm from using such a step rate provision so that its fees can be paid first, in part because such a provision is against the interest of its own clients. See *In re Larry Shelton*, 592 B.R. 193 (Bankr. E.D. Ill. 2018)(Barnes, J.)(Provisions in a Chapter 13 bankruptcy plan which allow secured creditors to receive a reduced payment during the early months of the plan in favor of paying the debtor's attorney are harmful to the client. Not only does the delay in payment under the plan shift risk to the debtor's delayed creditors, but it leaves unpaid longer a debt that, in the event of failure of the debtor's bankruptcy plan, because it is secured, has superior rights outside of bankruptcy. That could leave the debtor in a worse position than had it not filed for bankruptcy. Further, delay in confirming a plan because of such provisions leaves open longer the possibility that a pre-confirmation default may occur. The applicable law is less flexible with respect to pre-confirmation defaults than it is with respect to post-confirmation ones.).

4.

Confirmation of the Plan should be denied until Debtor amends the Plan to properly treat Creditor's claim.

5.

According to the Schedules, Debtor is not spending any money on maintenance, repairs, or upkeep of the Property, thus impairing Creditor's collateral and security interest.

6.

Creditor reserves the right to raise any failure of Debtor to cooperate with the Trustee in this bankruptcy case, including providing all required information and documents, if at the time of the confirmation hearing that appears to be the case.

7.

Creditor reserves the right to raise any failure of Debtor to timely file all required income tax returns as required by 11 U.S.C. § 1308, if at the time of the confirmation hearing that appears to be the case.

8.

Creditor reserves the right to raise any failure of Debtor to timely make all payments under the Plan or required by the Plan, if at the time of the confirmation hearing that appears to be the case.

WHEREFORE, PREMISES CONSIDERED, Creditor prays that the Court will:

1. deny confirmation,
2. award reasonable attorney's fees, and
3. grant such other and further relief as is just and equitable.

/s/Michael J. McCormick
Michael J. McCormick
Georgia Bar No. 485749
Attorney for Creditor
McCalla Raymer Leibert Pierce, LLP
1544 Old Alabama Road
Roswell, GA 30076
678-281-3918
Michael.McCormick@mccalla.com

| | |
|---|---|
| In Re:<br>Michael Anthony Davis, II | Bankruptcy Case No.:   25-58818-JWC<br><br>Chapter:   13<br><br>Judge   Jeffery W. Cavender |

## CERTIFICATE OF SERVICE

I, Michael J. McCormick, of MCCALLA RAYMER LEIBERT PIERCE, LLP, 1544 Old Alabama Road, Roswell, GA 30076, certify:

That I am, and at all times hereinafter mentioned, was more than 18 years of age;

That on the date below, I served a copy of the within OBJECTION TO CONFIRMATION filed in this bankruptcy matter on the following parties at the addresses shown, by regular United States Mail, with proper postage affixed, unless another manner of service is expressly indicated:

Michael Anthony Davis, II
408 Edmond Court
Suwanee, GA 30024

Stanley J. Kakol,                                                   *(served via ECF Notification)*
The Law Offices of Stanley J. Kakol, Jr.
5353 Fairington Road
Suite C
Lithonia, GA 30038

Nancy J. Whaley, Trustee                              *(served via ECF Notification)*
Standing Chapter 13 Trustee
Suite 120, Truist Plaza Garden Offices
303 Peachtree Center Avenue
Atlanta, GA 30303

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on:   __08/21/2025__        By:    __/s/Michael J. McCormick_____
                         (date)                              Michael J. McCormick
                                                                    Georgia Bar No. 485749
                                                                    Attorney for Creditor